UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NADINE T.-W.,

      Plaintiff,

 v.

ANDREW M. SAUL,
Commissioner of Social Security,[1]

      Defendant.

CASE NO. C18-1878-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner partially denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1964.[2] She has a 10th-grade education, and has worked as a

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

deli worker, order picker, retail cashier, and stock clerk. (AR 51, 180-83.)

Plaintiff applied for DIB in June 2015. (AR 63, 154-60.) That application was denied and Plaintiff timely requested a hearing. (AR 88-90, 92-95.)

On January 22, 2018, ALJ Larry Kennedy held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 31-62.) On February 5, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-26.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on November 7, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity during the period between the alleged onset date and the date last insured (DLI). (AR 17.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that through the DLI, Plaintiff's diabetes mellitus, emphysema, allergic rhinitis, obesity, and major depressive disorder were severe impairments. (AR 17-18.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that through the DLI, Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 18-20.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

demonstrated an inability to perform past relevant work. The ALJ found that through the DLI, Plaintiff could perform medium work with additional limitations: she could frequently balance, stoop, kneel, and crouch. She could occasionally climb and crawl. She must avoid concentrated exposure to extreme cold and heat, pulmonary irritants, and hazards. She could perform simple, routine tasks and follow short, simple instructions. She could do work that needs little or no judgment and can perform simple duties that can be learned on the job in a short period. She required a work environment that is predictable and with few work setting changes. (AR 20.)

With those assessments, the ALJ found that through the DLI, Plaintiff could perform her past relevant work as an order picker. (AR 24-25.) In the alternative, the ALJ found that Plaintiff could also perform other representative jobs that exist in significant numbers in the national economy, such as salvage laborer, hand packager, and marker II. (AR 25-26.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in discounting the opinion of consultative psychological examiner Patrick Reilly, Ph.D. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

/ / /

Dr. Reilly's opinion

Dr. Reilly examined Plaintiff in October 2015, and wrote a narrative report describing her symptoms and limitations. (AR 322-27.) The ALJ discounted Dr. Reilly's opinion as lacking probative value due to vagueness, and also found that it was inconsistent with the medical record. (AR 24.) The ALJ lastly noted that Plaintiff reported different symptoms to Dr. Reilly than she reported to the agency, and thus the ALJ discounted Dr. Reilly's opinion to the extent that any of his conclusions were based on Plaintiff's self-report. (*Id.*) Plaintiff contends that these reasons are legally insufficient, and the Court will consider each reason in turn.

Legal standards

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). A non-examining physician's opinion may be rejected "by reference to specific evidence in the record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations

and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

<u>Vagueness</u>

Dr. Reilly's "functional assessment" section of his opinion reads as follows:

> <u>Ability to reason</u>: The claimant's ability to reason appears to evidence mild to moderate deficits based on assessment characteristics of thought content, stream of mental activity, insight, and judgment. <u>Understanding and memory</u>: The claimant's characteristics of comprehension and memory appear to evidence moderate deficits based on performance data related to abstract thinking, remote memory, immediate memory, and digit spanning sequences. <u>Sustained concentration and persistence</u>: The claimant's attention and concentration characteristics appear to evidence moderate to notable deficits based on performance data related to serial sequences, mental rotation, and execution of multi-step directions. <u>Social interaction</u>: The claimant's social interaction characteristics appear to be within normal limits based on performance data related to general appearance, attitude, general behavior, and the ability to follow conversation appropriately. <u>Adaptation</u>: The claimant's adaptive characteristics and abilities appear to evidence moderate to notable deficits based on report, history, and evidence of activities of daily living, social functioning, task persistence, and pacing of living skills.

(AR 326-27.) The ALJ noted that Dr. Reilly generally rated Plaintiff's degree of impairment in various areas as "mild," "moderate," or "notable." (AR 24.) The ALJ found that "'[s]uch terms do not describe function and do not usefully convey the extent of capacity limitation.'" (*Id.* (quoting Program Operations Manual System (POMS) DI 24510.065).)

Plaintiff mounts several challenges to the ALJ's reasoning. First, Plaintiff cites an unpublished case from this district finding that if an ALJ found a term such as "mild," "moderate," "marked," or "severe" to be too vague, the ALJ had a duty to recontact the doctor to clarify. Dkt. 8 at 3 (citing *Dean v. Colvin*, Case No. C15-5031-RJB-JPD, 2015 WL 6158864, at *8 (W.D. Wash. Oct. 19, 2015)). As noted, *Dean* is an unpublished district court case and therefore not binding on this court. Furthermore, *Dean* relied on the dissent to an unpublished Ninth Circuit case, *King v.*

*Comm'r of Social Sec. Admin.*, 475 F. App'x 209, 210 (9th Cir. 2012), but the majority opinion in that case is more persuasive, because it represents a majority of the panel, and its logic has been cited and followed by several courts, including in this district. *See, e.g.*, *McGrath v. Berryhill*, 2018 WL 2094344, at *10-11 (C.D. Cal. May 4, 2018); *Carlson v. Comm'r of Social Sec.*, 2018 WL 1470471, at *10 (E.D. Cal. Mar. 26, 2018); *Mabie v. Colvin*, 2015 WL 3408751, at *3 (W.D. Wash. May 26, 2015).

Furthermore, *King* is consistent with a published Ninth Circuit case, *Stubbs-Danielson v. Astrue*, which holds that an ALJ accounts for "mild" or "moderate" mental limitations by incorporating "concrete restrictions" found in the medical testimony that are consistent with those limitations. 539 F.3d 1169, 1174 (9th Cir. 2008). Just as the *Stubbs-Danielson* court's contrasted the severity ratings with "concrete restrictions," the ALJ here highlighted how Dr. Reilly's opinion fails to specifically describe the impact of Plaintiff's symptoms on her functioning. (AR 24.)

Plaintiff goes on to argue that the ALJ erred in referencing the POMS as support for his finding that Dr. Reilly's opinion was vague, because this internal agency manual does not provide "judicially enforceable guidelines." Dkt. 8 at 3. But even if the POMS does not create judicially enforceable guidelines, it nonetheless indicates the agency's preference for the identification of specific functional limitations, rather than vague severity ratings. Plaintiff has not shown that the ALJ erred in referencing the POMS.

Lastly, Plaintiff argues that the ALJ's discounting of Dr. Reilly's conclusions as vague is problematic because the ALJ adopted the State agency opinions that also rate Plaintiff's limitations as "mild," "moderate," "marked," or "severe." (*See* AR 71-72, 83-85.) Plaintiff overlooks a crucial distinction between Dr. Reilly's opinion and the State agency opinions, however: the State agency consultants not only rated Plaintiff's limitations in various areas, but also provided a

narrative description of her capabilities and/or limitations in those areas. (*See id.*) Thus, Plaintiff has not identified an internal inconsistency in the ALJ's treatment of the medical opinions in this case.

For these reasons, the Court finds that the ALJ did not err in discounting Dr. Reilly's conclusions as lacking probative value due to vagueness. The severity ratings listed by Dr. Reilly do not identify any particular restriction relevant to the ALJ's task in defining Plaintiff's RFC.

Inconsistent with the medical record

The ALJ found that Dr. Reilly's opinion was inconsistent with the medical record, "which shows that the claimant's depression was stable and controlled by medications and shows few ongoing complaints and little treatment for this condition." (AR 24.)

Plaintiff disputes the ALJ's characterization of the record, asserting that the treatment notes cited do not pertain to mental treatment, but are merely superficial notations contained in treatment notes related to physical complaints. Dkt. 8 at 4. Plaintiff fails to acknowledge that the notes cited by the ALJ also reference prescriptions for anti-depressant medication, which is apparently the only mental health treatment Plaintiff received. (AR 22 (ALJ noting that Plaintiff did not receive any "counseling or other specialized mental health treatment").) The ALJ properly considered the record before him to determine whether Plaintiff's alleged mental limitations were consistent with the record, and cited substantial evidence that Plaintiff's depression was minimally treated and well-controlled on medication. (*Id.*) Although Plaintiff suggests that she should not be penalized for exercising poor judgment in failing to obtain treatment (Dkt. 8 at 4), the record instead indicates that Plaintiff did seek treatment and improved with medication, as found by the ALJ. Plaintiff has not shown that the ALJ erred in finding Dr. Reilly's opinion to be inconsistent with the treatment record, or in discounting the opinion on that basis.

Reliance on self-report

The ALJ noted that Plaintiff reported to Dr. Reilly that she had no problems managing her finances (AR 325 ("Regarding handling money and funds, the claimant reports managing money and finances with appropriate self-sufficiency")), but reported to the agency that she makes many mistakes in handling money (AR 231). The ALJ found that such inconsistencies "call into question any conclusions based on the claimant's subjective reports." (AR 24.)

Plaintiff contends that Dr. Reilly did not overly rely on her self-report, citing multiple sections of Dr. Reilly's opinion. Dkt. 8 at 5. But even if this is true as to certain parts of Dr. Reilly's opinion, it does not show error in the ALJ's decision because the ALJ discounted Dr. Reilly's opinion to the extent it was based on subjective reports. Dr. Reilly does refer to subjective reporting in parts of his opinion. (*See, e.g.*, AR 327 (referencing Plaintiff's self-report as one basis for his opinion regarding her adaptation abilities).) Because Plaintiff has not challenged the ALJ's finding that her self-report was not entirely reliable, the ALJ did not err in discounting Dr. Reilly's opinion to the extent that it was based on that self-report. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the district court noted, however, the treating physician's prescribed work restrictions were based on Bray's subjective characterization of her symptoms. As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

Because the ALJ provided multiple specific, legitimate reasons to discount Dr. Reilly's opinion, the ALJ's assessment of that opinion is affirmed.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

DATED this 5th day of August, 2019.

_Mary Alice Theiler_
Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9